UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SPECIALTY VEHICLE ACQUISITION
CORPORATION, a Delaware corporation,

    Plaintiff,                                                 Case No. 07-13887

v.                                                          Honorable Patrick J. Duggan

AMERICAN SUNROOF CORPORATION,
a Michigan corporation, and DMITRI
CHEVTSOV, an individual,

    Defendants.
_____/

## OPINION AND ORDER

            At a session of said Court, held in the U.S.
              District Courthouse, Eastern District
              of Michigan, on_____.

    PRESENT:       THE HONORABLE PATRICK J. DUGGAN
                            U.S. DISTRICT COURT JUDGE

This is a trademark dispute between Specialty Vehicle Acquisition Corporation ("Plaintiff") and the American Sunroof Corporation ("Corporation") and Dmitri Chevtsov[1] (collectively referred to as "Defendants"). On September 14, 2007, Plaintiff filed a ten-count complaint asserting federal and state law causes of action arising out of Defendants' alleged unlawful use of Plaintiff's trademarks. Presently before this Court are the following motions: (1) Plaintiff's motion for entry of default against the

---

[1] Defendant Chevtsov is proceeding *pro se*. No attorney has appeared on behalf of Defendant American Sunroof Corporation.

Corporation; (2) Defendants' "Motion in Response to Preliminary Injunction;" (3) Defendants' "Motion to Represent the Defendant [Corporation] Per Se [*sic*]"; and (4) Defendants' "Motion for Appointment of Counsel." In accordance with E.D. Mich. LR 7.1(e)(2), the Court is dispensing with oral argument on the above-referenced motions.

I. **Plaintiff's Motion for Entry of Default as to the Corporation**

The Court held a hearing on Plaintiff's motion for a preliminary injunction on November 29, 2007. At this hearing, the Corporation was purportedly represented by Mr. Chevtsov, the CEO, director, and sole shareholder of the Corporation. The Court advised Mr. Chevtsov that because he was not licensed to practice law he could not represent the Corporation. *See Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02, 113 S. Ct. 716, 721 (1993)("It has been the law for the better part of two centuries . . . that a corporation may appear in federal courts only through licensed counsel.") Furthermore, the Court gave Mr. Chevtsov thirty (30) days to retain an attorney to represent the Corporation. If he failed to do so, the Court advised Mr. Chevtsov that the Corporation will be in default.

Rather than comply with the Court's direction, at a conference held on January 15, 2008, Mr. Chevtsov argued that the Court's website provided that an individual who is not licensed to practice law could represent a corporation in limited circumstances. Mr. Chevtsov assured the Court he would furnish proof of his contention. Nevertheless, Mr. Chevtsov now acknowledges that no such information is contained in this Court's website, and in fact, the website he was referring to is a website from the King County Superior Court in the State of Washington.

Because an attorney has not appeared on behalf of the Corporation, the Court will

grant Plaintiff's motion for entry of default as to the Corporation.

## II. Defendants' Motions

Defendants' "Motion in Response to Preliminary Injunction" merely reasserts an argument Mr. Chevtsov made at the November 29, 2007 hearing on Plaintiff's motion for a preliminary injunction. For the same reasons this Court rejected this argument at the November 29, 2007 hearing, it is rejected here. Consequently, the Court will deny Defendants' "Motion in Response to Preliminary Injunction."

Defendants' "Motion to Represent the Defendant [American Sunroof Corporation] Per Se [*sic*]" will be denied for the reasons set forth above with respect to Plaintiff's motion for entry of default.

Finally, Defendants' "Motion for Appointment of Counsel" will also be denied. There is no provision in a statute, the Federal Rules of Civil Procedure, or the Local Rules allowing this Court to appoint counsel for a corporation in a civil matter. Nor is there any source of funding available to pay an attorney to represent a corporation in a civil matter. Moreover, to the extent that Defendants are relying on 28 U.S.C. § 1915(e)(1)[2] to support their "Motion for Appointment of Counsel" for the Corporation, such a request must be denied because "person" as used in 28 U.S.C. § 1915 does not include corporations. *See Rowland*, 506 U.S. at 201-02, 113 S. Ct. at 721-22 (interpreting what is now 28 U.S.C. § 1915(e)(1) and was formerly 28 U.S.C. § 1915(d)). Therefore, the Court will deny Defendants' "Motion for Appointment of Counsel" for the Corporation.

---

[2]Section 1915(e)(1) provides that "[t]he Court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Entry of Default as to Defendant American Sunroof Corporation is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' "Motion to Represent the Defendant [American Sunroof Corporation] Per Se [*sic*]" is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' "Motion in Response to Preliminary Injunction" is **DENIED**.

**IT IS FURTHER ORDERED** Defendants' "Motion for Appointment of Counsel" is **DENIED**.

                                s/PATRICK J. DUGGAN
                                UNITED STATES DISTRICT JUDGE

Copies to:
George Schooff, Esq.

Dmitri Chevtsov
5645 Eastman Blvd.
West Bloomfield, MI 48323