UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SPECIALTY VEHICLE ACQUISITION
CORPORATION, a Delaware corporation,

    Plaintiff,

v.                                                 Case No. 07-13887

AMERICAN SUNROOF CORPORATION,      Honorable Patrick J. Duggan
a Michigan corporation, and DMITRI
CHEVTSOV, an individual,

    Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR STATUTORY DAMAGES, TRANSFER OF DOMAIN NAME, AND CANCELLATION OF TRADEMARK REGISTRATION

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on April 30, 2008.

PRESENT:       THE HONORABLE PATRICK J. DUGGAN
                        U.S. DISTRICT COURT JUDGE

This trademark dispute was filed by Specialty Vehicle Acquisition Corporation ("Plaintiff") against the American Sunroof Corporation ("Corporation") and Dmitri Chevtsov (collectively referred to as "Defendants") on September 14, 2007. In its ten-count complaint, Plaintiff asserts federal and state law causes of action arising out of Defendants' alleged unlawful use of Plaintiff's trademarks.[1] In an Opinion and Order

---

[1] More specifically, Plaintiff's Complaint asserts ten separate counts: Count I (Trademark Infringement in Violation of the Lanham Act – 15 U.S.C. § 1114); Count II

issued on February 7, 2008, the Court entered a default as to the Corporation after the Corporation, failed to retain counsel for the Corporation within 30 days of the Court's November 29, 2007 order. (Doc. No. 28 at 2-3.) Presently before the Court is Plaintiff's Motion for Statutory Damages, Transfer of Domain Name, and Cancellation of Trademark Registration as to the Corporation.[2] On April 23, 2008, the Court sent the parties a notice stating that the Court is dispensing with oral argument on Plaintiff's motion. *See* E.D. Mich. LR 7.1(e)(2).

In its motion, Plaintiff seeks a money judgment in its favor against the Corporation in the amount of $20,000 in statutory damages under 15 U.S.C. § 1117(d) for the Corporation's violation of 15 U.S.C. § 1125(d)(1)(A). In addition, Plaintiff requests that the Court issue an order transferring the <**ASC**usa.com> domain name to Plaintiff

---

(False Designation of Origin in Violation of the Lanham Act – 15 U.S.C. § 1125(a)(1)(A)); Count III (Federal Unfair Competition in Violation of the Lanham Act – 15 U.S.C. § 1125); Count IV (False or Misleading Advertising in Violation of the Lanham Act – 15 U.S.C. § 1125(a)(1)(B)); Count V (Common Law Unfair Competition); Count VI (Common Law Trademark Infringement); Count VII (Unjust Enrichment Under Michigan Common Law); Count VIII (Cancellation of Defendant's Federal Trademark Registration No. 3198661); Count IX (Michigan Consumer Protection Act § 445.903); and Count X (Federal Trademark Cyberpiracy in Violation of 15 U.S.C. § 1125(d)(1)(A)).

[2]Defendant Dmitri Chevtsov filed a response to Plaintiff's motion on April 14, 2008 arguing that "[u]nless this Court appoints an attorney to represent the defendants, [he does] represent [himself] and American Sunroof Corporation." (Dft.'s Resp. Br. at 2.) However, as this Court has repeatedly stated, "a corporation may appear in federal courts only through licensed counsel." *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02, 113 S. Ct. 716, 721 (1993). Because Defendant Chevtsov is not licensed to practice law, he cannot represent Defendant Corporation. Moreover, this Court has already denied Defendant Chevtsov's motion to appoint counsel. In the end, Defendant Chevtsov's response brief contains nothing more than arguments that have already been rejected by this Court.

pursuant to 15 U.S.C. § 1125(d)(1)(C). Finally, Plaintiff requests that the Court cancel Federal Trademark Registration No. 3198661.

The Supreme Court in *Frow v. De La Vega*, 82 U.S. 552 (1872) held that when there is a possibility that all defendants will be jointly liable, a default judgment in a multi-defendant lawsuit should not be entered until the claims against the non-defaulting parties are adjudicated. *See id.* In other words, "when one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against that defendant until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted." 10A WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2689, at p. 73 (3d ed. 1998)(discussing *Frow v. De La Vega*, 82 U.S. 552 (1872)).

In its motion, Plaintiff is not seeking a default judgment against the Corporation as to all of its claims asserted against the Corporation. However, Plaintiff is seeking a money judgment as to Count X of its complaint, which asserts a claim under 15 U.S.C. § 1125(d)(1)(A), as a result of the Corporation's default. Because the Court has not determined liability with respect to Dmitri Chevtsov, and because the Court believes that Plaintiff is entitled to only one monetary award, the Court declines, at this time, to make any award of damages. In the event the Court ultimately determines Mr. Chevtsov is liable for damages, the Court will determine the monetary award, if any, to which Plaintiff is entitled – whether that award be against the Corporation only or against the Corporation and Mr. Chevtsov. Moreover, in this Court's opinion, entering a money judgment against the Corporation under Count X as a result of the Corporation's default could result in inconsistent monetary awards should Mr. Chevtsov be held liable as to Count X.

As to Plaintiff's request to transfer the <**ASC**usa.com> domain name, this Court finds that such relief is not warranted at this time because it is unclear whether the Corporation owns the domain name. Consequently, Plaintiff's motion for statutory damages and an order transferring the <**ASC**usa.com> domain name will be denied without prejudice pending the outcome of Count X as to Mr. Chevtsov.

Plaintiff also requests the cancellation of Trademark Registration No. 3198661. At the time Plaintiff filed its complaint and at the time Plaintiff filed the present motion on February 27, 2008, Trademark Registration No. 3198661 was in the name of the Corporation. (*See* Compl. ¶ 86 and Exhibit 4 attached thereto.) However, on March 4, 2008, Mr. Chevtsov recorded an assignment with the U.S. Trademark Office that purportedly assigns Trademark Registration No. 3198661 from the Corporation to Mr. Chevtsov. (*See* Pl.'s Rep. Br. Ex. 1.) Therefore, because it appears that Trademark Registration No. 3198661 is no longer in the Corporation's name, this Court cannot order its cancellation based on the Corporation's default.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Statutory Damages, Transfer of Domain Name, and Cancellation of Trademark Registration is **DENIED WITHOUT PREJUDICE** pending the outcome of Plaintiff's claims against Mr. Chevtsov.

s/PATRICK J. DUGGAN
                              UNITED STATES DISTRICT JUDGE

Copies to:
George Schooff, Esq.

Dmitri Chevtsov
5645 Eastman Blvd.
West Bloomfield, MI 48323