UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SPECIALTY VEHICLE ACQUISITION
CORPORATION, a Delaware corporation,

    Plaintiff,

v.

AMERICAN SUNROOF CORPORATION,
a Michigan corporation, and DMITRI
CHEVTSOV, an individual,

    Defendants.
    _____/

Case No. 07-13887

Honorable Patrick J. Duggan

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR A PERMANENT INJUNCTION AGAINST DEFENDANT AMERICAN SUNROOF CORPORATION

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on July 18, 2008.

PRESENT:     THE HONORABLE PATRICK J. DUGGAN
                      U.S. DISTRICT COURT JUDGE

This is a trademark dispute between Specialty Vehicle Acquisition Corporation ("Plaintiff" or "SVAC") and American Sunroof Corporation and Dmitri Chevtsov[1] (collectively referred to as "Defendants"). On September 14, 2007, Plaintiff filed a

---

[1] Defendant Chevtsov is proceeding *pro se*. In addition, on June 4, 2008, Defendant Chevtsov filed a Notice of Name Change, informing the Court that he has changed his name to Dmitri Odin. For ease of reference, the Court will refer to Dmitri Odin as Dmitri Chevtsov. Moreover, in an Opinion and Order issued on February 7, 2008, the Court entered a default as to Defendant American Sunroof Corporation. (*See* Doc. No. 28 at 2-3.)

complaint asserting federal and state law causes of action arising out of Defendants' alleged unlawful use of Plaintiff's trademarks.[2]  On February 7, 2008, the Court entered a default against Defendant American Sunroof Corporation.  (*See* Doc. No. 28, 2/7/08 Op. & Or. at 2-3.)  Presently before this Court is Plaintiff's Motion for a Permanent Injunction Against Defendant American Sunroof Corporation.  On July 9, 2008, this Court sent the parties a notice stating that the Court is dispensing with oral argument on Plaintiff's motion.  *See* E.D. Mich. LR 7.1(e)(2).

**I.   Standard of Review**

Permanent injunctive relief is available to a plaintiff when it satisfies a four-factor test.  "A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction."  *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391, 126 S. Ct. 1837, 1839 (2006)(citations omitted).

---

[2]More specifically, Plaintiff's Complaint asserts ten separate counts: Count I (Trademark Infringement in Violation of the Lanham Act – 15 U.S.C. § 1114); Count II (False Designation of Origin in Violation of the Lanham Act – 15 U.S.C. § 1125(a)(1)(A)); Count III (Federal Unfair Competition in Violation of the Lanham Act – 15 U.S.C. § 1125); Count IV (False or Misleading Advertising in Violation of the Lanham Act – 15 U.S.C. § 1125(a)(1)(B)); Count V (Common Law Unfair Competition); Count VI (Common Law Trademark Infringement); Count VII (Unjust Enrichment Under Michigan Common Law); Count VIII (Cancellation of Defendant's Federal Trademark Registration No. 3198661); Count IX (Michigan Consumer Protection Act § 445.903); and Count X (Federal Trademark Cyberpiracy in Violation of 15 U.S.C. § 1125(d)(1)(A)).

## II. Analysis

"Once a default is entered against a defendant, that party is deemed to have admitted all of the well pleaded allegations in the Complaint, including jurisdictional averments." *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006). Based on this Court's entry of default against Defendant American Sunroof Corporation, the following allegations in Plaintiff's complaint are deemed admitted.

- Defendant American Sunroof Corporation used Plaintiff's ASC, AMERICAN SUNROOF COMPANY, ORB design, ORB design + ASC, and SUNBURST design marks in commerce without Plaintiff's authorization or permission. (*See* Compl. 36-40.)

- Defendant American Sunroof Corporation's actions have caused a likelihood of confusion as to the source, sponsorship, authorization or affiliation of American Sunroof Corporation and its products and services. (*Id.* 45, 53, 58, 70, 75, 95.)

- Defendant American Sunroof Corporation's actions have caused and will continue to cause irreparable injury to Plaintiff for which Plaintiff has no adequate remedy at law. (*Id.* 50, 55, 60, 72, 77, 82, 93.)

- Defendant American Sunroof's actions will continue unless enjoined by this Court. (*Id.*)

Based on the above allegations, Plaintiff has satisfied the first and second factors necessary for a permanent injunction to issue. As to the third factor, the Court finds that the balance of hardships favors the issuance of the requested permanent injunction. Here, there is no indication that Defendant American Sunroof Corporation will suffer a hardship if a permanent injunction issues. Plaintiff, on the other hand, would be irreparably harmed if a permanent injunction did not issue. Finally, as to the fourth factor, the Court

believes that issuing the requested permanent injunction would be in the public's interest. Preventing consumer confusion is in the public's interest, *see Audi*, 469 F.3d at 550 (holding that it was in the public's interest to issue an injunction "in order to prevent the consumers from being confused"), and this Court believes that issuing the requested permanent injunction would do just that.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for a Permanent Injunction Against Defendant American Sunroof Corporation is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant American Sunroof Corporation, its officers, agents, servants, employees and attorneys, including Dmitri Chevtsov in his capacity as the sole shareholder, president, secretary, treasurer, and director of Defendant American Sunroof Corporation, as well as all persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, are permanently enjoined from using, displaying, advertising, copying, imitating, or infringing upon Plaintiff's ASC, AMERICAN SUNROOF COMPANY, ORB design, ORB design + ASC, and SUNBURST design marks, including, but not limited to, using the domain name <www.ascusa.com>.

                                           s/PATRICK J. DUGGAN
                                           UNITED STATES DISTRICT JUDGE

Copies to:
Monte L. Falcoff, Esq.
George T. Schoof, Esq.

Dmitri Chevtsov n/k/a Dmitri Odin

5645 Eastman Blvd.
West Bloomfield, MI 48323