UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SPECIALTY VEHICLE ACQUISITION
CORPORATION, a Delaware Corporation,

    Plaintiff,

v.

AMERICAN SUNROOF CORPORATION,
a Michigan Corporation, and DMITRI
CHEVTSOV, an individual,

    Defendants.
_____/

Case No. 07-13887

Honorable Patrick J. Duggan

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on September 8, 2008.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

This is a trademark dispute between Specialty Vehicle Acquisition Corporation ("Plaintiff" or "SVAC") and American Sunroof Corporation and Dmitri Chevtsov[1] (collectively referred to as "Defendants"). On September 14, 2007, Plaintiff filed a complaint asserting federal and state law causes of action arising out of Defendants'

---

[1] Defendant Chevtsov is proceeding *pro se*. In addition, on June 4, 2008, Defendant Chevtsov filed a Notice of Name Change, informing the Court that he has changed his name to Dmitri Odin. For ease of reference, the Court will refer to Dmitri Odin as Dmitri Chevtsov.

alleged unlawful use of Plaintiff's trademarks.[2] Presently before this Court is Plaintiff's Motion for Entry of Judgment. Defendant Chevtsov has not filed a response to Plaintiff's motion and the time to file a response has expired. E.D. Mich. LR 7.1(d)(1)(B). On September 2, 2008, this Court sent the parties a notice stating that it is dispensing with oral argument on Plaintiff's motion. *See* E.D. Mich. LR 7.1(e)(2).

**I.   Background**

Pertinent here are two Opinions and Orders this Court issued on July 18 2008, granting relief in favor of Plaintiff against Defendants. In one Opinion and Order granting Plaintiff's motion for a permanent injunction against Defendant American Sunroof Corporation, the Court ordered as follows:

> Defendant American Sunroof Corporation, its officers, agents, servants, employees and attorneys, including Dmitri Chevtsov in his capacity as the sole shareholder, president, secretary, treasurer, and director of Defendant American Sunroof Corporation, as well as all persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, are permanently enjoined from using, displaying, advertising, copying, imitating, or infringing upon Plaintiff's ASC, AMERICAN SUNROOF COMPANY, ORB design, ORB design + ASC, and

---

[2]More specifically, Plaintiff's complaint asserts ten separate counts: Count I (Trademark Infringement in Violation of the Lanham Act – 15 U.S.C. § 1114); Count II (False Designation of Origin in Violation of the Lanham Act – 15 U.S.C. § 1125(a)(1)(A)); Count III (Federal Unfair Competition in Violation of the Lanham Act – 15 U.S.C. § 1125); Count IV (False or Misleading Advertising in Violation of the Lanham Act – 15 U.S.C. § 1125(a)(1)(B)); Count V (Common Law Unfair Competition); Count VI (Common Law Trademark Infringement); Count VII (Unjust Enrichment Under Michigan Common Law); Count VIII (Cancellation of Defendant's Federal Trademark Registration No. 3198661); Count IX (Michigan Consumer Protection Act § 445.903); and Count X (Federal Trademark Cyberpiracy in Violation of 15 U.S.C. § 1125(d)(1)(A)).

> SUNBURST design marks, including, but not limited to, using the domain name <www.ascusa.com>.

(Doc. No. 51 at 4.)

That same day, the Court issued an Opinion and Order granting Plaintiff's motion for summary judgment against Defendant Chevtsov on Counts I-III, V-VI, and IX of the complaint and denying Plaintiff's motion for summary judgment on Count X of the complaint. In this Opinion and Order, the Court ordered as follows:

> Defendant Chevtsov, in his personal capacity, is **PERMANENTLY ENJOINED** from using Plaintiff's AMERICAN SUNROOF COMPANY and ASC marks, and any confusingly similar mark, including AMERICAN SUNROOF CORPORATION.

(Doc. No. 52 at 4 (emphasis in original).)

In light of the Court's Opinions and Orders issued on July 18, 2008, Plaintiff now moves for entry of Final Judgment:

> (1) transferring the <**ASC**usa.com> domain name from Defendant American Sunroof Corporation to SVAC per 15 U.S.C. § 1125(d)(1)(C); (2) dismissing Counts IV, VII, VIII, and X against Defendant Dmitri Chevtsov (a/k/a Dmitri Odin) individually;[] and (3) for SVAC and against Defendants in accordance with the Court's Opinions and Orders of July 18, 2008, with the relief provided limited to the permanent injunction set forth in those Opinions and Orders.

(Pl.'s Br. at 5-6 (emphasis in original).)

## II. <u>Applicable Law and Analysis</u>

### A. Transfer of the <ASCusa.com> Domain Name From Defendant American Sunroof Corporation to Plaintiff

On February 7, 2008, this Court entered a default against Defendant American

3

Sunroof Corporation. "Once a default is entered against a defendant, that party is deemed to have admitted all of the well pleaded allegations in the Complaint . . . ." *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006). Based on this Court's entry of default against Defendant American Sunroof Corporation, and as stated in one of this Court's July 18, 2008 Opinions and Orders, the following allegations in Plaintiff's complaint are deemed admitted:

- Defendant American Sunroof Corporation used Plaintiff's ASC, AMERICAN SUNROOF COMPANY, ORB design, ORB design + ASC, and SUNBURST design marks in commerce without Plaintiff's authorization or permission. (*See* Compl. 36-40.)

- Defendant American Sunroof Corporation's actions have caused a likelihood of confusion as to the source, sponsorship, authorization or affiliation of American Sunroof Corporation and its products and services. (*Id.* 45, 53, 58, 70, 75, 95.)

- Defendant American Sunroof Corporation's actions have caused and will continue to cause irreparable injury to Plaintiff for which Plaintiff has no adequate remedy at law. (*Id.* 50, 55, 60, 72, 77, 82, 93.)

- Defendant American Sunroof's actions will continue unless enjoined by this Court. (*Id.*)

(Doc. No. 51 at 3.) In addition to noting that the aforementioned allegations are deemed admitted, the Court also held in one of its July 18, 2008 Opinions and Orders that "the undisputed evidence shows that Defendant American Sunroof Corporation is the 'registrant' of the <ASCusa.com> domain name." (Doc. No. 52 at 17.)

Count X of Plaintiff's complaint asserts a claim against Defendants under the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d). The

ACPA prohibits persons from registering domain names incorporating another person's trademark if the registrant did so with a "bad faith intent to profit." *Id.* § 1125(d)(1)(A)(i). The ACPA "explicitly authorizes courts to transfer a domain name after finding an ACPA violation." *DaimlerChrysler v. The Net, Inc.*, 388 F.3d 201, 207 n.4 (6th Cir. 2004)(citing 15 U.S.C. § 1125(d)(1)(C)).

Based on the allegations of Plaintiff's complaint that are deemed admitted by the entry of default against Defendant American Sunroof Corporation, the Court finds that Defendant American Sunroof Corporation violated the ACPA by registering the <ASCusa.com> domain name with a "bad faith intent to profit." 15 U.S.C. § 1125(d)(1)(A)(i). The Court will therefore order Defendant American Sunroof Corporation to transfer its <ASCusa.com> domain name to Plaintiff pursuant to 15 U.S.C. § 1125(d)(1)(C).

### B. Voluntary Dismissal of Counts IV, VII, VIII, and X of the Complaint Against Defendant Dmitri Chevtsov Individually

Plaintiff also seeks to voluntarily dismiss Counts IV, VII, VIII, and X of its complaint against Defendant Chevtsov individually pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.[3] Because Defendants have answered Plaintiff's complaint, Plaintiff may voluntarily dismiss Counts IV, VII, VIII, and X of its complaint against Defendant Chevtsov individually "only by court order, on terms that the court

---

[3]Alternatively, Plaintiff asserts that its "pleadings could be deemed amended to drop Counts IV, VII, VIII and X as to Defendant Chevtsov." (Pl.'s Br. at 8 (citing Fed. R. Civ. P 15(a)).) Because the Court will dismiss these counts against Defendant Chevtsov pursuant to Rule 41(a)(2), the Court will not deem Plaintiff's complaint amended to drop the applicable counts asserted against Chevtsov.

considers proper." FED. R. CIV. P. 41(a)(2).  A district court abuses its discretion in granting a plaintiff's request to voluntarily dismiss "only where the defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit."  *Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1994)(quoting *Cone v. W. Va. Pulp and Paper Co.*, 330 U.S. 212, 217, 67 S. Ct. 752, 755 (1947)).  The Court does not believe that Defendant Chevtsov will suffer "plain legal prejudice" should the Court dismiss, without prejudice, Counts IV, VII, VIII, and X as they apply to Defendant Chevtsov.  Consequently, the Court will grant Plaintiff the requested voluntary dismissal of these counts as they apply to Defendant Chevtsov.

    **C.**    **Entry of Final Judgment in Favor of Plaintiff Against Defendants**

Plaintiff also states that if its motion is granted in its entirety, it "would waive its right to seek and recover monetary damages against Defendants, including costs and fees, for those acts that are the subject of its September 14, 2007 Complaint, and occur prior to the entry of Final Judgment." (Pl.'s Br. at 8.)  In exchange for this waiver, Plaintiff requests that the Court enter a Final Judgment transferring the <ASCusa.com> domain name; (2) dismissing Counts IV, VII, VIII, and X of its complaint as to Defendant Chevtsov individually; and (3) for Plaintiff and against Defendants in accordance with the Court's Opinions and Orders of July 18, 2008, including the permanent injunctive relief granted in favor of Plaintiff against Defendants therein.  The Court will grant Plaintiff's request for an entry of Final Judgment.

Accordingly,

**IT IS ORDERED** that Plaintiff's request for an entry of Final Judgment is **GRANTED**. A Final Judgment consistent with this Opinion will issue.

s/PATRICK J. DUGGAN  
UNITED STATES DISTRICT JUDGE

Copies to:
Monte L. Falcoff, Esq.
George T. Schooff, Esq.

Dmitri Chevtsov n/k/a Dmitri Odin
5645 Eastman Blvd.
West Bloomfield, MI 48323